White, J.
Two grounds are relied on in this case for reversal: (1) the overruling of the demurrer to the petition ; (2) the overruling of the motion of the defendant for a second venire to fill the panel of the jury.
We are of opinion that the demurrer was properly overruled.
The defendant below was a common carrier of passengers, and the plaintiff and his wife were rightfully seated in one of its cars to be carried as passengers, and were ready and willing to pay their fare. Being thus lawfully in the car, they were, by the procurement and order of the conductor, forcibly ejected therefrom, and thus received the injuries complained of.
*524 The car was under the control of the conductor, who was the only representative of the defendant, with whom the public, desiring to avail themselves of the defendant’s business as a public carrier, could deal.
It was the duty of the defendant to carry the plaintiff and his wife ; and in performing this duty it acted towards them, in common with other passengers, solely through its representative, the conductor. Whatthe latter did or refused, in respect to the carriage of passengers, is, we think, to be regarded as the act of the defendant. The conductor, by being placed in his position, was invested by the defendant with the implied authority of excluding improper persons from the car. This necessarily included the authority of determining who ought to be admitted and who excluded. Seymore v. Greenwood, 7 H. & N. 356.
The master is responsible for the acts of his servant done in the course of his employment, that is, under the express or implied authority of the master. Little Miami Railroad Co. v. Wetmore, 10 Ohio, 131.
In dealing with persons as passengers, whether in admitting or excluding them from the cars, or in assigning them places after they have entered, the conductor in charge is acting in the course or within the scope of his employment. When this is the character of the act, the master is responsible for it civilly, even if it be an act of positive malfeasance or misconduct. Smith’s M. & S. s. p. 151; Little Miami Railroad Co. v. Wetmore, supra; Limpus v. London Genl. Omnibus Co. 1 H. & C. 541.
Where a person is injured by the act of a servant, done in the course of his employment, we see no good reason why the motive or intention of the servant should operate to discharge the master from liability. If the nature of the injurious act is such as to make the master liable for its consequences, in the absence of the particular intention, it is not perceived how the presence of such intention can be held to excuse the master.
We do not say that when the nature of the act is such as to render it equivocal whether the act comes within the *525 scope of the servant’s employment or not, the intention with which the act is done is not to be looked to, in determining its true character. What we say is, that when it plainly appears the act of the servant was done in the course of his employment, the wilfulness or wrongful motive of the servant in doing the act, will not excuse the master.
Such, in our opinion, is the character of the case made in the petition.
The second objection is founded on the first section of the “ act to amend the act relating to juries,” passed March 22, 1849 (1 S. & C. Stat. 757), which is as follows :
“ That whenever in any civil suit or criminal prosecution hereafter tried in any court of this State, it shall become necessary to summon a talesman or talesmen, either party may make a summary application to the court to issue a venire, and the court, when so requested, shall, as a matter of course, immediately issue a venire containing the names of so many discreet and suitable persons having the qualifications of electors, as the court shall deem expedient. But if no such application be made, the sheriff shall summon talesmen as heretofore.”
When the struck jury was reduced by excusing seven of them, the plaintiff in error requested the court to issue a venire under this statute; and the court selected seven names, and issued the venire. Upon its return.the jury was again reduced by excuses and challenges, so that it became necessary to summon talesmen, and the court ordered the sheriff to fill up the panel by talesmen ; but the counsel for the company objected thereto, and moved the court to issue another venire; but the court overruled the motion and directed the sheriff to proceed as already directed; to which the company excepted.
Several reasons are urged by the defendant in error against the validity of this objection : (1) that the issuing of a second venire is not required by the statute ; (2) that the application came too late ; and (3) that the disregard of the statute constitutes no ground of error.
It seems to us neither of these reasons can be allowed to *526 prevail. The statute is imperative, and its meaning plain. Whenever there arises a necessity for summoning a talesman or talesmen, and there is the proper application, it is made the duty of the court, as a matter of course, to issue the venire. The delay and inconvenience that would result from issuing several successive writs could generally be obviated by selecting such a number of persons in the first instance as would be likely to furnish the requisite number of qualified jnrors.
Nor does the record show any laches on the part of the plaintiff in error. He objected to the order directing the sheriff to fill the panel, and promptly applied to the court for another venire. His motion was overruled, and the sheriff ordered “to proceed as already directed.” No steps appear to have been taken by the sheriff in summoning talesmen at the time the application was made. That no such steps had been taken is to be inferred from the fact that after the overruling of the application, the order to the sheriff was renewed.
Wo cannot assent to the position that the denial to a party of his right under this statute, is no ground of error. The sole object of the act is to secure to a party jurors selected by the court, when, for any reason, he is unwilling to submit to a selection by the sheriff To refuse his application, when properly made, is to subject him to the very evil from which it was the design of the statute to relieve hi;.». The effect of such refusal is to compel a party to submit the trial of his case to jurors selected by the sheriff, when the law required the selection to be made by the court. The right is as important to the party, as the right of ] s.vemptory challenge, the refusal to allow which, as well a;jits unauthorized allowance, has been held, in this State, to be good grounds of error. C. P. & A. Railroad Co. v. Stanley, 7 Ohio St. 155 ; Mahan et al, v. The Slate, 10 Ohio, 238.
Judgment reversed, and cause remanded for a new trial
Welch, C. J., and Day, McIlvaine and West, JJ,, cos curred.